**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK MARR,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPE MAY COUNTY CORREC. CENTER, et al.,<br><br>    Respondents. | Civil No. 12-4445 (NLH)<br><br>**OPINION** |

**APPEARANCES**:

    FREDERICK MARR, #43245
    Cape May County Correctional Center
    4 Moore Road
    Cape May Courthouse, NJ  08270
    Plaintiff Pro Se

**HILLMAN, District Judge**:

    Frederick Marr, a pretrial detainee incarcerated at Cape May County Correctional Center ("CMCCC"), filed a paid Complaint against CMCCC, the Warden of the facility, nurse Douglas Wyth, Dr. Wynn, nurse Toni Tees, nurse Joy Mitchel, Lori Rosf, and Dr. Santillio.[1]  This Court will dismiss the federal claims in the Complaint without prejudice, as required by 28 U.S.C. 1915A, and decline supplemental jurisdiction over claims arising under New Jersey law.

---

[1] Plaintiff initially paid only $160.  After this Court notified Plaintiff that the Clerk could not file the Complaint unless he either paid the remainder of the $350 filing fee or he applied for and was granted *in forma pauperis* status, Plaintiff paid the additional sum of $210.  This Court will direct the Clerk to refund $20 to Plaintiff.

## I. BACKGROUND

On July 13, 2012, the Clerk received from Frederick Marr a Complaint for damages under 42 U.S.C. § 1983 against CMCCC and its Warden. (Compl., ECF No. 1 at 2-3.) Mr. Marr asserts that he is a 72-year old diabetic, who needs to use a wheelchair due to a prior back injury, and requires medical staff to check his blood sugar two to four times each day. Mr. Marr alleges that the Warden was

> in the position . . . to promptly investigate plaintiff's complaints regarding injuries and pain . . . and to authorize plaintiff's supervised release to hospital for treatment [but the Warden] ignored or did not respond to plaintiff's several formal and informal complaints regarding his non-treatment (medical treatment), therefore depriving plaintiff [of] medical care/treatment, thereby inflicting cruel and unusual punishment.

*Id.* at 3. He seeks "adequate medical treatment to diagnose and remedy his injuries – which are prevailing and have worsened as a result of delayed treatment[,]" and damages. *Id.* at 4.

Mr. Marr later filed six forms labeled "Motion to Add Party" under Federal Rule of Civil Procedure 21. He seeks to add nurse Douglas Wyth, Dr. Wynn, nurse Toni Tees, nurse Joy Mitchel, Lori Rosf, and Dr. Santillio as defendants. Each form states that this is an "action based on negligence," the named defendant "is also liable to plaintiff because [he or she committed] medical malpractice," and the claims to be asserted against this defendant arise out of the

same occurrences as are presently before the Court, and will raise common issues of law or fact.[2] (ECF Nos. 3, 4, 5.)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff seeks redress against a governmental entity (CMCCF) and employee (the Warden).

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must

---

[2] This Court will consider the complaint as naming these additional defendants. However, Plaintiff did not file an amended complaint asserting additional facts against these new defendants.

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

A.  Federal Claims

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

> liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, this Court notes that Plaintiff sues CMCCC as defendant, but a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Russell v. City Of Philadelphia*, 428 F.App'x 174, 177 (3d Cir. 2011); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). Because a jail is not a person subject to suit for violation of constitutional rights, this Court will dismiss all federal claims against CMCCC with prejudice.

Pretrial detainees are protected from punishment without due process of law under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Bistrian v. Levi,* 696 F.3d 352, 373-74 (3d Cir. 2012). That inquiry involves application of the Eighth Amendment deliberate indifference standard, insofar as "the Fourteenth Amendment affords pretrial detainees protections 'at

5

least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). To state a claim, inmates must satisfy an objective element and a subjective element. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish deliberate indifference, a prisoner must show that the defendant was subjectively aware of the unmet serious medical need and failed to reasonably respond to that need. *See Farmer*, 511 U.S. at 837; *Natale*, 318 F.3d at 582. Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *See Rouse*, 182 F.3d at 197.

In this case, Plaintiff's factual allegations do not show that each (or any) individual defendant intentionally refused to provide needed medical treatment, intentionally delayed treatment for a non-medical reason, or knowingly prevented him from receiving needed or prescribed medical treatment. "To act with deliberate

6

indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Positano v. Wetzel*, ___ F. App'x ___, 2013 WL 3481727 (3d Cir. July 8, 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)) (internal quotation marks omitted). Moreover, the "Eighth Amendment does not guarantee an inmate's medical treatment of his choice." *Colon-Montanez v. Pennsylvania Healthcare Service Staffs,* ___ Fed. App'x ___, 2013 WL 3481811 (3d Cir. June 27, 2013) (citing *Chance v. Armstrong,*, 143 F.3d 698, 703 (2d Cir. 1998)).

Although Plaintiff asserts that he needs to use a wheelchair as a result of a prior back injury and that, as a diabetic, he needs his blood sugar checked several times a day, he does not allege that any defendant intentionally refused to allow him to use a wheelchair or intentionally disregarded his needs as a diabetic. In addition, Plaintiff asserts that he complained to the Warden regarding "injuries," "pain," and the deprivation of medical treatment, but he does not assert facts showing the nature of his untreated injuries, pain, and medical needs. (Compl., ECF No. 1 at 3.) Moreover, his

7

own allegations admit that he asserts a negligence and malpractice claim sounding in state tort law and therefore not cognizable as a constitutional claim. Because Plaintiff does not assert facts showing that he has unmet medical needs and that any person was deliberately indifferent to those medical needs, his allegations have not "nudged [his] claims" of deliberate indifference "across the line from conceivable to plausible," *Iqbal*, 556 U.S. at 680 (citation and internal quotation marks omitted), and the claim for deliberate indifference to his serious medical needs does not state a claim under the Constitution. This Court will dismiss the § 1983 deliberate indifference claim for failure to state a claim upon which relief may be granted.

B.  Amendment

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it conceivable that Plaintiff may be able to assert facts showing that a prison official at CMCCC was deliberately indifferent to his serious medical needs, this Court will grant him 45 days to file an amended complaint that (1) is complete on its face and (2) asserts facts showing that

8

each named defendant(s) was deliberately indifferent to his serious medical needs in violation of his constitutional rights.[3]

C. <u>Supplemental Jurisdiction</u>

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to

---

[3] Plaintiff should be aware that he must plead facts showing that each "Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")

exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

This Court dismisses the federal claims and declines to exercise supplemental jurisdiction. The Court will grant Plaintiff 45 days to file an amended complaint consistent with this Opinion.

s/ Noel L. Hillman<br>
**NOEL L. HILLMAN, U.S.D.J.**

DATED:    October 23  , 2013

At Camden, New Jersey